UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES EMERSON DAVIS,   No. 16-10249

                    Debtor(s).
_____/

Memorandum re Objection to Claim #4
_____

In 2006, Chapter 11 debtor James Davis borrowed $461,000 from the First National Bank of Arizona secured by his real property in Mendocino County. Claim #4 in this case has been filed by Specialized Loan Servicing, LLC, as servicer of that loan. Davis challenges SLS's standing to assert the claim, arguing that it has not provided evidence of any agency or other relationship with the current holder of Davis' note, or any evidence as to how it came into possession of the note.

Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a validly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. To overcome the presumption of validity, the objector must come forward with sufficient evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir.2000). To avail itself of the presumption of validity, the creditor need only show that it complied with applicable rules and is the creditor or the creditor's authorized agent pursuant to Rule 3001(b). Since Davis has not produced anything sufficient to call into question the validity of the claim itself,[1] the only issue for the

---

[1] Davis made the argument in state court and lost; he is appealing that ruling. Without deciding if the court must give the state court decision preclusive effect, the court finds that Davis has produced nothing here sufficient to overcome the presumption of validity of the claim.

1

court to decide is whether SLC is the creditor or authorized agent.

This case is factually the same as *In re Zipser,* 2016 WL 1168736 (9th Cir.BAP 2016). In that case, a claim was filed by a loan servicer which established that it held the debtors' note, endorsed in blank. The Appellate Panel affirmed the summary overruling of the debtors' objection to the claim, noting:

> We have repeatedly held that a possessor of a note endorsed in blank is a party entitled to enforce the note and foreclose on any collateral. See *Zulueta v. Bronitsky (In re Zulueta)*, No. NC–10–1459–HPaJu, 2011 WL 4485621, at *6 (9th Cir. BAP Aug. 23, 2011), aff'd, 520 Fed.Appx. 558 (9th Cir.2013) ("A party in physical possession of an endorsed-in-blank note qualifies as a holder of a note under [California law]. Because [the servicer] appeared at the Hearing with possession of the endorsed-in-blank Note, it was a holder of the Note entitled to enforce it."); see also *Allen v. U.S. Bank, N.A. (In re Allen)*, 472 B.R. 559, 565–67 (9th Cir. BAP2012); *In re Veal*, 450 B.R. at 902, 910–11.

In this case, SLS has established that Fist National Bank of Arizona endorsed the note in favor of First National Bank of Neveda, which endorsed the note in favor of Countrywide Home Loans, Inc., which endorsed the note in blank, and that SLS now holds the note. SLS accordingly has standing to enforce the note, just as the servicer in *Zipser*.[2]

There is also no legal basis for Davis' argument that SLS must show exactly how it came into possession of the note. As the court in *Zipser* held:

> the possessor of a note endorsed in blank is entitled to enforce it under California Commercial Code § 3205(b). There is no requirement that the holder of a note endorsed in blank must additionally prove that it properly came into possession of the note. As the holder of the Note endorsed in blank, Ocwen was entitled to enforce the Note and had standing to assert Claim # 3. The bankruptcy court did not err.

For the foregoing reasons, Davis' objection to Claim #4 will be overruled. Counsel for SLS shall submit an appropriate form of order.

//

---

[2] The court finds Davis' attacks on the validity of the endorsements insufficient to rebut the presumption of validity. The court also notes that his heavy reliance on *In re Veal* is largely misplaced, as that case was decided under Illinois law. The court in *Veal* itself noted that Illinois law is quite different from California law, which governs this case. 450 B.R. at 917n34. *Zipser* was decided under California law.

1    Dated: August 30, 2016

                                                                Alan Jaroslovsky
                                                                U.S. Bankruptcy Judge

3