UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES EMERSON DAVIS,  No. 16-10249

                Debtor(s).
_____/

Memorandum on Motion for Reconsideration
_____

      A California homeowner has the right to contest a foreclosure sale where the foreclosing entity's authority to order the sale was based on a void assignment. *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919, 939 (2016.) Debtor James Davis objected to the claim of Specialized Loan Servicing, LLC, on grounds that it had failed to provide any evidence of any agency or how it came into possession of Davis' note. Since these allegations, if true, do not establish a void assignment, and since Davis failed to supply any evidence in support of his objection sufficient to overcome the presumption of Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the court summarily overruled the objection. Davis seeks reconsideration.

      The basis of the objection has the court scratching its head. Davis' counsel argues "surprise" in that, for some reason, he expected the court to hold an evidentiary hearing even though he had not produced anything sufficient to overcome the presumption that the claim is valid. Davis' counsel correctly states the court's usual procedures: "[u]nless otherwise ordered, all hearings on objections to claims are preliminary hearings, without testimony...[i]f the objection cannot be summarily resolved, the court will order a trial at which evidence will be taken." In this case, the court *did* resolve the objection summarily. This is entirely consistent with the court's usual practice. The court can only surmise that in counsel's head "summarily" means "from the bench," but he has practiced in this court

1

for many years and certainly knows that the court usually provides the parties with written decisions. The court notes, in a review of the hearing tape, that counsel in no way questioned the court's decision to take the matter under submission and write its decision.

    For the foregoing reasons, the motion for reconsideration will be denied. Counsel for the creditor shall submit an appropriate form of order.

Dated: October 31, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge